IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVIER VALENCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNIVERSAL BUILDING SERVICES &<br>SUPPLY CO., et al.<br><br>    Defendant.<br>                                        / | No. C 06-05780 SI<br><br>**ORDER REMANDING CASE TO STATE COURT AND DENYING DEFENDANTS' MOTION TO DISMISS AND STRIKE** |

      Plaintiff filed this case in Alameda County Superior Court, alleging thirteen state law causes of action against defendants. Defendants removed the action to this Court, asserting that this Court has federal question jurisdiction over the case because "it arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq." Defs.' Notice of Removal (Docket No. 1) at 1:24-25. Defendants also filed a motion to dismiss and strike, which is currently scheduled for hearing on January 12, 2007. On December 19, 2007, the Court issued an Order to Show Cause why the Court should not remand this case to state court for lack of subject matter jurisdiction; a hearing on this issue is also currently scheduled for January 12, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and accordingly VACATES the January 12, 2007 hearing. Having considered the responses of the parties to the Order to Show Cause, the Court remands this action to state court.

      A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). The existence of federal jurisdiction must be determined on the face of

the plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Despite defendants' asserted basis for removal in this case, the sole reference to federal law in plaintiff's entire complaint is one sentence on the eighth page of the Complaint, alleging that defendants "knew or reasonably should have known that the conduct and omissions set forth above violated plaintiff's rights under federal and state law." Complaint ¶ 43. This passing (and perhaps inadvertent) reference to federal law does not suffice to establish that plaintiff's claims "arise under" federal law for removal purposes. *See* 28 U.S.C. § 1441(b).

Defendants first argue that plaintiff affirmed in the Joint Case Management Conference Statement that her claims arise under federal law. As stated above, however, in determining jurisdiction the Court must look to the face of the plaintiff's complaint. *See Caterpillar*, 482 U.S. at 392. A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Were this a close question, plaintiff's representations in the Case Management Statement might be relevant. Here, however, the Complaint clearly avoids raising issues of federal law, and the Statement is therefore of little impact.

Defendants also argue that plaintiff's first two causes of action, for sexual harassment and retaliation, arise under federal law. While defendants are correct that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., authorizes federal actions for sexual harassment and retaliation, they ignore the fact that plaintiff's complaint explicitly and exclusively alleges sexual harassment and retaliation *under California law*. *See* Complaint ¶¶ 17-22 ("Violation of Cal. Gov't Code § 12940(j)"; "Violation of Cal. Gov't Code § 12940(h)"). While perhaps plaintiff could have brought claims under federal law, according to the face of her Complaint, she did not do so.

2

Defendants have failed to meet their burden of establishing this Court's jurisdiction over the case. *See Emrich*, 846 F.2d at 1195. This case is hereby REMANDED to the Superior Court for the County of Alameda.[1] Defendants' motion to dismiss and strike is DENIED as moot. (Docket No. 4)

**IT IS SO ORDERED.**

Dated:  January 9, 2007

                                                                                  /s/ Susan Illston
                                                                                  SUSAN ILLSTON
                                                                                  United States District Judge

---

[1] In her response to the Order to Show Cause, plaintiff seeks an order from the Court that defendants pay the costs and fees associated with remanding this case to Superior Court. District courts have wide discretion regarding whether to award attorney fees in an order to remand. *See Moore v. Permanente Medical Group*, 981 F.2d 443, 447 (9th Cir.1992); *see also* 28 U.S.C. § 1447(c). Considering that plaintiff's confusing reference to federal law in paragraph 43 of the Complaint led defendants to seek removal, the Court does not find it appropriate to award fees and costs to plaintiff.